The People of the State of Illinois, Appellee, v. Kolb Coal Compay, Appellant.

1. MINES AND MINERS ACT—*construed with respect to employment of mine examiners.* The provisions of the Mines and Miners Act do not require that a mine examiner employed shall not be assigned to the performance of other duties than those which fall to a mine examiner. All that the Act requires is that the mine examiner shall fully perform the duties imposed by law.

2. MINES AND MINERS ACT—*construed with respect to requirements as to mine examiners and mine managers.* The Mines and Miners Act does not forbid, but, on the other hand, authorizes a single person, if duly qualified to perform the duties of both offices, to be both a mine examiner and a mine manager at the same time.

Proceeding by information. Appeal from the County Court of St. Clair county; the Hon. JOHN B. HAY, Judge, presiding. Heard in this court at the February term, 1909. Reversed. Opinion filed November 13, 1909.

R. W. RAPIEQUET and LOUIS KLINGEL, for appellant; KRAMER, KRAMER & CAMPBELL, of counsel.

F. J. TECKLENBURG, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

On July 30, 1908, the State's Attorney of St. Clair county filed an amended information in the County Court against appellant charging it with the violation of the statute in relation to not having and employing at its mine a duly authorized mine examiner.

The amended information contains four counts. In the first appellant was charged with being a corporation and while operating a coal mine in St. Clair county, on June 25, 1908, then and there unlawfully and wilfully neglected, refused and failed to employ and have at its said mine a mine examiner holding a certificate of competency issued by the State Mining Board and whose sole duty in and about said mine while performing the duties of mine examiner, pertained to such position.

The second count charges an unlawful and wilful neglect, failure and refusal to have in its employ and have at its mine a regularly licensed mine examiner while so operating said mine in this that defendant undertook and pretended to perform said duties of mine examiner in, by and through its mine manager.

The third count charges an unlawful and wilful failure, neglect and refusal to employ and have at its mine while so operating it a mine examiner.

The fourth count charges an unlawful and wilful failure, neglect and refusal to have while so operating its mine a mine examiner whose sole duty in and about said mine while performing the duties of mine examiner pertained to such position of mine examiner.

A motion to quash the amended information and each count being overruled, appellant excepted and after hearing the evidence, the court found the defendant guilty as charged in the amended information and after overruling appellant's motions for a new trial and in arrest of judgment, entered judgment and fixed the fine at the sum of twenty-five dollars and costs, from which judgment this appeal is prosecuted.

. The finding and judgment of the court was general and if there was any count of the information proved

which was sufficient, the judgment should be sustained.

The first, third and fourth counts will be first considered. Each of them charges a wilful failure on the part of appellant to have in its employ a mine examiner at its mine. It is also charged in the first and fourth counts that appellant did not employ a mine examiner whose sole duties while performing his duties as examiner pertained to such position, contrary to the statute in such case made and provided. We have carefully examined the provisions of the statute and we are unable to find anywhere any requirement that a mine examiner can perform no other duties than those pertaining to the duties of his position. He must fully perform the duties imposed by law and this is all that can be required. There is no provision of the statute which prevents him from performing other duties.

The averments in the first, third and fourth counts that appellant did not have in its employ a mine examiner, are sufficient, but the additional averment that his sole duties while so employed did not pertain to his duties as such examiner, charges no offense and is mere surplusage. We therefore regard such counts as simply charging that appellant wilfully failed to have in its employ a mine examiner. This allegation was fully met on the trial by testimony which was conclusive, that appellant had in its employ a regularly licensed examiner in the person of Jacob Mann, who held a certificate as mine examiner issued to him by the State Mining Board. Therefore the evidence was not sufficient to sustain the finding and judgment as to either of those counts.

The second count charges the appellant wilfully failed and refused to have in its employ a regularly licensed mine examiner of said mine while so operating it, in this, that defendant undertook and pretended to perform such duties of mine examiner by and through its mine manager contrary to the statute, etc. We think this count presents the question whether appellant incurred a penalty in having the duties of mine

examiner performed by its mine manager, although it is not expressly averred that the mine manager was at the time also performing the duties pertaining to that position. While the statute provides for the employment of both mine managers and mine examiners, and provides that they shall hold certificates of competency, the manager from a duly authorized Board of Examiners of the State and the examiner from the State Mining Board, and while it is unlawful for the operator of a mine to employ a man in either capacity or suffer him to serve without he holds such certificate, and while the duties of a manager and examiner are different, yet there is no provision of the statute that one person may not perform the duties of both. On the contrary, section 8 of the Miners Act provides that one holding a manager's certificate may serve as mine examiner. We do not overlook the provision that it is the duty of the mine examiner, when working places are discovered in which accumulations of gas or recent falls or any dangerous conditions exist, that he shall mark the place and at once report his finding to the mine manager. The object of this provision is twofold, to mark the dangerous places and acquaint the mine manager with the fact. If a qualified mine manager acting also as mine examiner and who holds a certificate of competency as such, marks the dangerous place himself, the object of the law is fully met. The place is marked and the mine manager is advised of the fact by his own inspection. The purpose of the law is to protect the lives and health of men engaged in a dangerous occupation and the many duties required to be performed by mine managers and mine examiners must be fully performed, whether the mine is large or small. If they are so performed, whether by one man or two, the spirit of the law is fully complied with.

The testimony in this case shows that Jacob Mann was acting in both capacities as mine manager and mine examiner. It also shows he held a certificate as

manager and, as heretofore stated, he also held one as mine examiner. There is no charge in the second count of the information that the duties of the two positions were not fully performed by him. Nor is there any evidence in the case that the duties of mine examiner were not performed.

This is a proceeding to recover a penalty for a violation of a statute, and to warrant a recovery some statute should be shown to have been violated which has not been done.

The court should have found the defendant not guilty on all the counts of the information and erred in not so finding.

For the errors indicated, the judgment is reversed.

*Reversed.*

*Finding of facts*: We find that at the time charged the appellant had in its employ a duly qualified mine examiner holding a certificate of competency from the State Mining Board.